**UNITED STATES DISTRICT COURT**
**DISTRICT OF SOUTH CAROLINA**

Yasharahla Kusso
100 Trowbridge Road
Columbia, SC 29229
Plaintiff,

**Jury Trial Demanded**

V.

NATIONWIDE CAPITAL SERVICES LLC
d/b/a STRUCTURED SETTLEMENT
Defendant,

**Case No.**  3:25-cv-13981-JDA-SVH

## COMPLAINT AND DEMAND FOR JURY

### I.     INTRODUCTION

1. This civil matter is for actual and statutory damages brought by Plaintiff Yasharala Kusso (hereinafter "Plaintiff"), an individual consumer, against Defendant NATIONWIDE CAPITAL SERVICES LLC (hereinafter "Defendant") for violations of the Fair Debt Collection Practices Act, 15 U.S.C § 1692 et seq. (hereinafter "FDCPA"), which prohibits debt collectors from engaging in unfair, abusive, and deceptive collection practices.

### II.     JURISDICTION AND VENUE

2. The court has jurisdiction under 15 U.S.C § 1692k (d) and 28 U.S.C § 1331. Venue in this District is proper as the Defendant transacts business in South Carolina.

### III.     PARTIES

3. Plaintiff Yasharala Kusso is a natural person residing in the District of South Carolina. Plaintiff is a "consumer" as defined by the Fair Debt Collection Practices Act, 15 U.S.C. § 1692a(3).

4. Defendant Nationwide Capital Services LLC, using the trade name Structured Settlement, is a debt collector as defined by 15 U.S.C. § 1692a(6), whose principal business is the collection of alleged consumer debts.

## IV.    FACTUAL ALLEGATIONS

5. At all times relevant hereto, Defendant was engaged in the business of collecting consumer debts and using the mail, telephone, email, and other instruments of interstate commerce in its attempt to collect debts allegedly owed by consumers.

6. The alleged debt Defendant sought to collect from Plaintiff was purportedly incurred for personal, family, or household purposes, thereby qualifying as a"debt" within the meaning of 15 U.S.C. § 1692a(5).

7. On or about June 18, 2025, Defendant sent Plaintiff a collection letter attempting to collect an alleged debt with a balance of $3,194.56. **(See Exhibit 1)**

8. Plaintiff never entered into any credit transaction with Defendant or the alleged original creditor "Atlas," nor has Plaintiff ever received verification of this alleged debt.

9. On June 19, 2025, Plaintiff sent a written cease-and-desist notice to Defendant via email, stating clearly: **(See Exhibit 2)**

   "I refuse to pay this alleged debt."

10. This communication constituted a written refusal to pay and a cease-and-desist request under 15 U.S.C. § 1692c(c).

11. After receiving Plaintiff's cease-and-desist notice, Defendant was legally prohibited from contacting Plaintiff again except for limited circumstances not applicable here.

12. Despite having received this notice, Defendant continued to contact Plaintiff, including: **(See Exhibit 3)**

   a) Phone calls from Defendant on December 2, 2025, and again on December 9, 2025, lasting several minutes;
   b) Continued attempts to collect a disputed and unverified debt.

13. Plaintiff did not consent to these communications and had expressly prohibited further contact.

14. Defendant's continued calls after the cease-and-desist order caused Plaintiff stress, anxiety, annoyance, frustration, invasion of privacy, and time lost.

15. Defendant may claim that the repeated communications were a "bona fide error."

16. However, these violations were not the result of any bona fide error, because:

   a. Defendant received direct written notice from Plaintiff refusing to pay the alleged debt;

   b. Defendant nevertheless continued to contact Plaintiff;

   c. Defendant failed to maintain procedures reasonably adapted to prevent unlawful communications, as required under 15 U.S.C. § 1692k(c);

   d. Defendant's repeated conduct shows a pattern, not an accident.

17. A debt collector with adequate compliance procedures would have:

   a) Immediately flagged the account as "cease-and-desist / refusal to pay,"

   b) Blocked all future outgoing calls, emails, or attempts to collect,

   c) Ensured no further contact occurred in violation of federal law.

18. Defendant's repeated calls and continued collection attempts after written notice demonstrate willful disregard for the FDCPA.

## V.    CAUSES OF ACTION
## COUNT I – VIOLATION OF 15 U.S.C. § 1692c(c)

19. Plaintiff restates all paragraphs as though fully stated herein.

20. Plaintiff sent a written refusal to pay and cease-and-desist notice.

21. Defendant continued contacting Plaintiff after receipt of that notice.

22. Defendant violated 15 U.S.C. § 1692c(c).

## COUNT II – VIOLATION OF 15 U.S.C. § 1692d

23. Defendant's continued calls after Plaintiff prohibited contact constitute harassment under §1692d.

24. Plaintiff suffered emotional distress and anxiety due to these contacts.

## COUNT III – VIOLATION OF 15 U.S.C. § 1692e

25. Defendant attempted to collect a debt that was unverified, unproven, and disputed.

26. Defendant failed to provide validation as required by law, but continued collection efforts.

27. These acts violate §1692e and its subsections.

## COUNT IV – VIOLATION OF 15 U.S.C. § 1692f

28. Continuing to contact a consumer after a cease request is unfair, abusive, and unlawful.

29. Defendant's practices violate §1692f.

## VI.    DAMAGES

Plaintiff seeks:

- Statutory damages of $1,000 under 15 U.S.C. § 1692k(a)(2)(A);
- Actual damages for stress, invasion of privacy, and emotional distress;
- Costs and fees as allowed by §1692k(a)(3);
- Any other relief the Court deems proper.

## VII.    JURY DEMAND

Plaintiff demands a jury trial on all issues triable by jury.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests judgment against Defendant as follows:

1. Statutory damages of $1,000;

2. Actual damages in an amount to be determined at trial;

3. Costs and filing fees;

4. Any additional relief the Court deems just and proper.

Respectfully submitted,

Dated: 12/22/2025

*Yasharahla Kusso*

Yasharahla Kusso
100 Trowbridge Road
Columbia, SC 29229
Email: yasharahlakusso@myyahoo.com
Plaintiff, Pro Se